UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN RIVER TRANSPORTATION CO., LLC, AS OWNER AND OPERATOR OF THE M/V COOPERATIVE SPIRIT, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.:<br><br>SECTION:   DIVISION:<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

**COMPLAINT OF LIMITATION**

The Complaint of American River Transportation Co., LLC ("ARTCO") in cause of exoneration from or limitation of liability pursuant to 46 U.S.C. §30501 *et seq.*, civil and maritime, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions, with respect represents:

1.

Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to Rule F(9) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions.

2.

At all times pertinent hereto, ARTCO was and now is a limited liability company duly organized under the laws of the State of Delaware with its principal place of business in the State of Illinois, doing business within the State of Louisiana and within the jurisdiction of this Honorable Court, and was and now is the owner and operator of M/V COOPERATIVE SPIRIT and employer of its crew.

3.

M/V COOPERATIVE SPIRIT is a towboat bearing Official Number 569226 with a length of approximately 200 feet, a breadth of approximately 54 feet, and a gross tonnage of 1,309 tons.

4.

On or about the morning of January 26, 2020, M/V COOPERATIVE SPIRIT was transiting up the Lower Mississippi River with forty (40) barges in tow.  As M/V COOPERATIVE SPIRIT was approaching 26 Mile Point, M/V COOPERATIVE SPIRIT made a one-whistle meeting arrangement (port-to-port) with M/V RC CREPPEL who was transiting down-bound in the river.  M/V RC CREPPEL was owned and operated by Elite Towing, Inc.  While M/V COOPERATIVE SPIRIT was in the process of navigating the point as per its meeting arrangement with M/V RC CREPPEL, M/V RC CREPPEL and its tow collided with the tow of M/V COOPERATIVE SPIRIT.  After this initial collision and as a result of same, a few minutes later another collision occurred between the tow of M/V COOPERATIVE SPIRIT and an ocean-going ship, M/V GLORY FIRST.  Some of the barges in the tow of M/V COOPERATIVE SPIRIT may have contacted barges in fleets near Mile 123 a.h.p.

5.

The first collision resulted in the sinking of M/V RC CREPPEL and three out of the four crew members of M/V RC CREPPEL remain missing at this time.  Additionally, the found crew member of M/V RC CREPPEL may have sustained injuries and there was property damages to M/V COOPERATIVE SPIRIT,  the barges in M/V COOPERATIVE SPIRIT's tow, the barges in the tow of M/V RC CREPPEL, M/V GLORY FIRST, and potentially other barges in the area of the collisions.

6.

At present time, ARTCO is aware of the following parties who are interested or may assert claims arising from the incident in question namely:

1. Rita Sue Pucheu, individually and in her capacity as the representative of the Estate of Shawn Pucheu, through her attorneys, Thomas M. Discon, Discon Law Firm, L.L.C. 424 N. Causeway Blvd., Suite A, Mandeville, LA 70448 and Robert Lansden, Lansden Law, 158 S. 6th Street, Ponchatoula, LA 70454;

2. The Estate of Lester Naquin Jr., crew member of M/V RC CREPPEL;

3. Tiffany Brigalia, individually, on behalf of her children, and in her capacity as the representative of the Estate of Matthew Brigalia, through her attorney, Michael P. Frugé, Clayton & Fruge, 3741 Highway 1 S, Port Allen, LA 70767;

4. Surviving crew member of M/V RC CREPPEL, whose name is presently unknown;

5. Elite Towing, Inc., through its attorneys, Chip Duncan and Kelly Sevin, Duncan & Sevin, LLC, 400 Poydras Street, Suite 1200, New Orleans, LA 70130;

6. The owner/operator of M/V GLORY FIRST, through its attorney, Michael Butterworth, Phelps Dunbar, 365 Canal Street, Suite 2000, New Orleans, LA 70130;

7. Eco Services Operations Corp.-DE, through its registered agent in Louisiana, Cogency Global Inc., 3867 Plaza Tower Dr., 1st Floor, Baton Rouge, LA 70816; and

8. Genesis Marine, L.P. as owner of barge GM5004, through its representative, Brian Teste, 919 Milam, Suite 2100, Houston, TX 77002.

7.

There is currently a suit involving the above-described incident filed by Tiffany Brigalia individually, on behalf of her children, and in her capacity as the representative of the Estate of Matthew Brigalia, which is entitled "Tiffany Brigalia, et al v. Elite Towing, Inc., et al" and pending in Civil District Court for the Parish of Orleans with case number 2020-01031.

8.

ARTCO is unaware of any other suits, petitions, demands, unsatisfied claims, or liens against M/V COOPERATIVE SPIRIT in connection with the subject incident, except as those set forth above and in "In re Petition of Elite Towing, Inc. to Perpetuate certain Electronic Data and Evidence" which is pending in the U.S. District Court for the Eastern District of Louisiana with Misc. no. 2:20-cv-00354, Section R(1).

9.

The subject incident occurred without the privity or knowledge of ARTCO.  No failure of ARTCO equipment onboard M/V COOPERATIVE SPIRIT or M/V COOPERATIVE SPIRIT's crew caused the subject incident.

10.

ARTCO does not know the full nature or extent of the claims which may be sought by potential claimants but anticipates that claims will exceed the value of M/V COOPERATIVE SPIRIT plus pending freight.

11.

The above-described events and the losses, damages, or injuries resulting therefrom were not caused or contributed by the fault, negligence, neglect, lack of due diligence, or want of due

care on the part of ARTCO or M/V COOPERATIVE SPIRIT, or any person in charge of her, or any person for whom ARTCO is responsible, the design or condition of M/V COOPERATIVE SPIRIT nor was M/V COOPERATIVE SPIRIT in any way unseaworthy.  Rather, the collisions were due to the fault, negligence, neglect, lack of due diligence, and want of care of persons for whom ARTCO and M/V COOPERATIVE SPIRIT are not responsible.

12.

The value of ARTCO's interest in M/V COOPERATIVE SPIRIT following the incident on January 26, 2020 was $6,900,000 as revealed by the Affidavit of Fred Budwine, which is attached hereto and made a part hereof as Exhibit 1.  The pending freight at the time of the incident was $468, 942 as revealed by the Affidavit of Matthew French, which is attached hereto and made a part hereof as Exhibit 2.

13.

ARTCO files herewith an Ad Interim Stipulation for Value in appropriate form in the sum of $7,368,942 in accordance with Rule F(1) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions, as security for all the benefit of all claimants, together with interest at a rate of 6% per annum from the date of said stipulation, said sum being not less than the amount of ARTCO's interest in M/V COOPERATIVE SPIRIT, and her pending freight.

14.

ARTCO claims exoneration from liability for any and all injuries, losses, or damages arising out of the voyage of M/V COOPERATIVE SPIRIT commencing on January 26, 2020. *See* Ad Interim Stipulation for Value attached hereto as Exhibit 3.

15.

ARTCO alleges it has valid defenses thereto on the facts and on the law.  Alternatively, ARTCO, without admitting but affirmatively denying all liability, upon showing that the incident was occasioned without privity or knowledge of ARTCO, claims the benefit of limitations of liability provided for in 46 U.S.C. 30501 *et seq.*, and the various statutes supplemental thereto.

16.

Pursuant to 46 U.S.C.§ 30501 *et seq.*, ARTCO is entitled to have all claims and issues concerning this incident in question determined in a single proceeding in the United States District Court for the Eastern District of Louisiana, sitting in admiralty.

17.

ARTCO further specifically avers that this Complaint in Limitation, and the claim for exoneration from and/or limitation of liability asserted herein, is filed not only on their behalf, but also on behalf of their liability underwriters which shall be entitled to exoneration from and/or limitation of liability to the same extent as ARTCO, and who liability in the premises, if any, shall accordingly not exceed ARTCO's liability, if any.

WHEREFORE**,** ARTCO prays that:

1. This Court issue an Order Approving the Ad Interim Stipulation for Value filed with the Court by ARTCO as security for the amount or value of its interest in M/V COOPERATIVE SPIRIT and freight then pending;

2. This Court issue a Notice to Known Claimants from the voyage of January 26, 2020, admonishing them to file their claims with the Clerk of Court and to serve the attorneys for ARTCO a copy thereof on or before a date to be named in the Notice, and that if they

wish to contest either the right to exoneration from or the right to limitation of liability, they file and serve on the attorneys for ARTCO an Answer to this Complaint on or before said date;

3. The Notice be published in The Advocate/Times Picayune once a week for four consecutive weeks prior to the date fixed by the Court for filing of claims, and copies of the Notice be mailed to all known claimants in accordance with Rule F of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions.

4. The Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced, and the commencements or prosecution thereafter of any and all action, suits, or proceedings, of any nature or description whatsoever, in any jurisdiction against ARTCO, its underwriters and insurers, and/or against M/V COOPERATIVE SPIRIT, her officers and crew, or against an employee or property of ARTCO except in this action, to recover damages for and in respect of any loss, damage, or injury occasioned or incurred as a result of any incident during the voyage at issue;

5. This Court adjudge ARTCO as not liable to any extent for any injuries, losses, or damages occurring as a result of the January 26, 2020 incident or for any claim therefore in any way arising out of or resulting from the incident in question;

6. Alternatively, if liable, which is denied, then its liability should be limited to its interest in M/V COOPERATIVE SPIRIT and her pending freight, and any judgement rendered herein will be so limited; and

7. ARTCO have such other and further relief as may be just in these circumstances and this Court is competent to grant.

- 8 -

Respectfully submitted,

SALLEY, HITE, MERCER & RESOR, LLC

*/s/ David M. Flotte*
DAVID M. FLOTTE, T.A. (#1364)
MARCELLE P. MOULEDOUX (#30339)
KEVIN M. FREY (#35133)
AUSTIN GLASCOE (#38236)
365 Canal Street, Suite 1710
New Orleans, LA  70130
Tel.:     (504) 566-8800
Fax:     (504) 566-8828
dflotte@shrmlaw.com
mmouledoux@shrmlaw.com
kfrey@shmrlaw.com
aglascoe@shmrlaw.com

*Counsel for*
*American River Transportation Co., LLC*