UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: AMERICAN RIVER TRANSPORTATION CO., AS OWNER AND OPERATOR OF THE M/V COOPERATIVE SPIRIT, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO: 20-416<br><br>SECTION: T |

## ORDER

Before the Court is a "Motion to Dismiss Supplementation of State Law to Claims of Nikki Rodrigue as Natural Tutrix of the Minor Breanna Naquin"[1] filed by Limitation Petitioner, American River Transportation Co., LLC ("ARTCO"). The motion is unopposed. For the following reasons, the motion is **GRANTED**.

On January 26, 2019, a collision occurred on the Lower Mississippi River above New Orleans between the M/V R.C. CREPPEL and the tow of M/V COOPERATIVE SPIRIT. Nikki Rodrigue as Natural Tutrix of the Minor Breanna Naquin ("Claimant") is the survivor of Lester Naquin, Sr., an employee of Elite Towing, Inc., a seaman assigned to the tug M/V R.C. CREPPEL.[2] On February 6, 2020, ARTCO filed a Complaint in Limitation as owner/operator of the M/V COOPERATIVE SPIRIT seeking exoneration from or limitation of liability. ARTCO filed this Limitation Action with designations under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. ARTCO invoked the Court's admiralty jurisdiction in this matter. On February 11, 2020, Claimant filed an answer, and on March 25, 2020, Claimant filed an additional Amended Answer and Claim wherein she claimed she was

---

[1] R. Doc. 21.
[2] R. Doc. 4, p.7.

1

bringing claims "pursuant to the laws of the State of Louisiana as may supplement the General Maritime Law."[3]

ARTCO has now moved to dismiss the supplementation of state law to the general maritime claims of Claimant pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ARTCO contends Claimant is not entitled to such supplementation of state law to her general maritime claims as such would violate the uniformity principle of the general maritime law as emphatically stressed within this Circuit particularly in the areas of actions for personal injury and wrongful death of seamen. Accordingly, ARTCO seeks an order from this Court dismissing Claimant's claim of state law supplementation of her general maritime claims.

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[4] Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.[5] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,[7] and the documents attached to the complaint.[8] The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor.[9] If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed.[10]

---

[3] R. Doc. 19.
[4] Fed. R. Civ. P. 12(b)(6).
[5] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).
[7] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[8] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[9] *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (citing *Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002)).
[10] *Twombly*, 550 U.S. at 555.

Article III of the U.S. Constitution extends the judicial power of the United States to "all Cases of admiralty and maritime Jurisdiction."[11] In 28 U.S.C. § 1333, Congress implemented this power, giving federal district courts "original jurisdiction ... of ... [a] civil case of admiralty or maritime jurisdiction...."[12] A court may supplement general maritime law with state law if (1) it does not conflict with an applicable act of Congress; (2) it does not work material prejudice to a characteristic feature of general maritime law; or (3) it does not interfere with the proper harmony and uniformity of the general maritime law in its international and interstate relations.[13]

In this case, the incident involved a collision on a navigable waterway between two commercial vessels. Claimants are survivors of a seaman who was aboard one of the vessels, the M/V R.C. CREPPEL bringing a survivor action and a wrongful death claim. This incident is within this Court's admiralty and maritime jurisdiction. Because Claimant's claims are fully recognizable under the general maritime law, and because the motion is unopposed, the Court will grant ARTCO's motion.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that "Motion to Dismiss Supplementation of State Law to Claims of Nikki Rodrigue as Natural Tutrix of the Minor Breanna Naquin"[14] is **GRANTED** and Claimant's claim of state law supplementation of her general maritime claims is **DISMISSED.**

**New Orleans, Louisiana**, on this 28th day of October, 2020.

                                          **GREG GERARD GUIDRY**
                                        **UNITED STATES DISTRICT JUDGE**

---

[11] U.S. Const., Art. III, § 2.
[12] 28 U.S.C. § 1333(1).
[13] *In re Antill Pipeline Const. Co., Inc.,* 866 F.Supp.2d 563, 567–68 (E.D. La.2011).
[14] R. Doc. 21.