UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: AMERICAN RIVER TRANSPORTATION CO., AS OWNER AND OPERATOR OF THE M/V COOPERATIVE SPIRIT, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO: 20-416<br><br>SECTION: T |

## ORDER

Before the Court is a "Motion to Dismiss State Law Claims and Non-Pecuniary Damages and to Strike Jury Demand of Claimant Rita Pucheu, Individually and as Representative of the Estate of Shawn Pucheu"[1] filed by Glory First Ltd., Glory Ships (S) Pte. Ltd., and Erasmus Corp., as owner and managing owners of M/V GLORY FIRST. Claimant in limitation, Rita Pucheu, individually and as representative of the estate of Shawn Pucheu ("Claimant"), filed a response memorandum adopting the opposition memorandum filed in this matter by Nikki Rodrigue, on behalf of her minor child Breanna Naquin, to ARTCO's Motion to Strike Jury.[2] For the following reasons, the motion is **GRANTED**.

On January 26, 2019, a collision occurred on the Lower Mississippi River above New Orleans between the M/V R.C. CREPPEL and the tow of M/V COOPERATIVE SPIRIT. Petitioners' vessel, M/V GLORY FIRST, was not involved in the collision. Petitioners each filed limitation proceedings related to the incident, and the Court has consolidated Petitioners' and ARTCO's proceedings.[3] Petitioners now move to dismiss Claimant's state law claims and claims seeking non-pecuniary damages as well as to strike Claimant's jury demand. Petitioners contend that federal maritime law preempts and displaces Claimant's claims under Louisiana's wrongful

---

[1] R. Doc. 25.
[2] R. Doc. 10.
[3] R. Doc 22, Case No. No. 20-416.

1

death and survival statutes, and Claimant's demand for nonpecuniary damages. Petitioners further assert that jury trials are not available for limitation of liability determinations or the Claimant's designated admiralty claims.

Petitioners assert Claimant's claims under the Louisiana wrongful death and survival statutes and for nonpecuniary damages should be dismissed because those claims are not available under federal maritime law. The Fifth Circuit has held that the Louisiana wrongful death statute "is supplanted in maritime wrongful deaths by the general maritime cause of action for wrongful death."[4] Because Claimant's claims are within the Court's admiralty jurisdiction, the Court will dismiss Plaintiff's claims under the Louisiana wrongful death and survival statutes and for nonpecuniary damages.

Petitioners also assert Claimant's demand for a jury trial should be stricken as it pertains to Petitioners' request for limitation of and/or exoneration from liability. Petitioners designated this limitation suit as an action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and Claimant has designated her claim as an admiralty and maritime claim pursuant to 28 U.S.C. § 1333. Because Claimant does not oppose her jury demand being stricken as is pertains to a determination of limitation and/or exoneration of liability, the Court will strike Claimant's jury demand.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the "Motion to Dismiss State Law Claims and Non-Pecuniary Damages and to Strike Jury Demand of Claimant Rita Pucheu, Individually and as Representative of the Estate of Shawn Pucheu"[5] is **GRANTED,** and

---

[4] *Sistrunk v. Circle Bar Drilling Co.*, 770 F.2d 455, 456-57 (5th Cir. 1985); *see also In re S/S Helena*, 529 F.2d 744, 753 (5th Cir. 1976).
[5] R. Doc. 25.

Claimants state law claims and demand for non-pecuniary damages are dismissed. **IT IS FURTHER ORDERED** that Claimant's jury demand is stricken.

**New Orleans, Louisiana**, on this 29th day of October, 2020.

_____
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**
