UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN RIVER TRANSPORTATION CO., LLC AS OWNER AND OPERATOR OF THE M/V COOPERATIVE SPIRIT, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.: 20-416; c/w 20-538 c/w 20-1327<br><br>SECTION T(1) |

## ORDER

Before the Court is a Motion in Limine to Strike the Proffered Expert Testimony of Dr. Stan Smith filed by American River Transportation ("ARTCO").[1] Elite Towing, Inc. and Rodgers Marine Towing Services, LTD ("Elite-Rodgers," and collectively with ARTCO, "Petitioners") join and adopt all arguments set forth by ARTCO's Motion.[2] Tiffany Brigalia, Layne Pitre, Shane Pucheu, Travis Pucheu, Dawn Roussell, and Rita Pucheu filed an opposition (collectively, "Claimants").[3]

## FACTS AND PROCEDURAL HISTORY

In the early morning hours of January 26, 2019, a collision occurred on the Lower Mississippi River above New Orleans between the M/V COOPERATIVE SPIRIT and the M/V RC CREPPEL resulting in the loss of three crewmen.[4] In the wake of this incident, a second collision occurred between a third vessel traveling upriver—the M/V GLORY FIRST—and tow of the M/V COOPERATIVE SPIRIT. Each of the three vessels thereafter filed petitions under the Limitation of Liability Act,[5] and claims arising out of both collisions were asserted by representatives and family members against the limitation fund.

---

[1] R. Doc. 286.
[2] R. Doc. 292.
[3] R. Doc. 330. Several of the named claimants have since settled their claims and are no longer parties to this case.
[4] American River Transportation Co., LLC ("ARTCO") is the owner and operator of the M/V COOPERATIVE SPIRIT. The three lost crewmen were aboard the RC CREPPEL.
[5] 46 U.S.C. §30501 *et seq.*

1

Petitioners now move to exclude expert testimony of Claimants' proposed expert, Dr. Stan Smith. The instant Motion specifically targets Dr. Smith's consideration of hedonic damages and other "legally unrecognized items of recovery" as grounds for striking under general maritime law, the Federal Rules of Evidence, and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[6] In sum, Petitioners claim that Dr. Smith's testimony is unreliable because Dr. Smith disregarded the factual nuances of various Claimants, impermissibly opined on non-pecuniary damages, and employed a methodology that has been rejected by some courts.[7]

In opposition, Claimants underscore that Petitioners do not dispute Dr. Smith's qualifications or relevancy, and thus declare reliability as the sole issue.[8] After first indicating their request to bifurcate this matter, Claimants reason that "federal courts are generally advised to deny motions in *limine* and *Daubert* motions in non-jury cases."[9] Further, Claimants acknowledge that some courts have previously limited Dr. Smith's testimony, but note that the subject matter of those testimonies are not implicated in this case.[10] Claimants conclude that Dr. Smith's opinions are permissible and Petitioners will have their opportunity to challenge his testimony on cross-examination.[11]

## LAW AND ANALYSIS

Federal Rule of Evidence 702 provides: "A witness who is qualified as an expert by knowledge, skill experience, training, or education, may testify in the form of opinion or otherwise, if: (a) the expert's scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient

---

[6] 509 U.S. 579 (1993); Dr. Smith's methodology includes the quantifying of hedonic damages, the "intangible cost of human life." *See* R. Doc. 286-1 at 1.
[7] R. Doc. 330 at 2-3.
[8] *Id.* at 2.
[9] *Id.* This Court has since denied Claimants' Motion to Bifurcate. *See* R. Doc. 432.
[10] *Id.* at 8.
[11] *Id.* at 16.

facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."[12] When expert testimony is challenged under Rule 702 and *Daubert*, the burden of proof rests with the party seeking to present the testimony.[13]

In *Daubert*, the Supreme Court established a two-part test for judges to perform in determining the admissibility of expert testimony.[14] First, the court must determine whether the expert's testimony reflects scientific knowledge, is derived by the scientific method, and is supported by appropriate validation.[15] Second, the court must determine whether the testimony will assist the trier of fact to understand the evidence.[16] "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject."[17] However, "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue."[18] "Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility."[19]

The question before the Court is whether Dr. Smith's testimony is the product of reliable principles and methods and is thus admissible. This case, however, presents a unique distinction relevant to this Motion and the other evidentiary motions pending before the Court in that it does not involve a jury. As cited within Petitioners' brief, "motion[s] *in limine* [are] used to prevent evidence 'that clearly ought not be presented to the jury' from reaching the jury…Similarly, a

---

[12] Fed. R. Evid. 702*; see Daubert v. Merrell Dow Pharms.*, Inc., 509 U.S. 579, 588, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *United States v. Hitt*, 473 F.3d 146, 148 (5th Cir. 2006).
[13] *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).
[14] *Daubert*, 509 U.S. at 588; *Hitt*, 473 F.3d at 148.
[15] *Daubert*, 509 U.S. at 590.
[16] *Daubert*, 509 U.S. at 591.
[17] *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) (quoting *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999)).
[18] *Huss*, 571 F.3d at 452.
[19] *Huss*, 571 F.3d at 452.; *see also Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

*Daubert* challenge is used to 'prevent the jury' from hearing unreliable scientific evidence.[20] Indeed, the Court concurs that "these two gatekeeping doctrines were 'designed to protect juries and [are] largely irrelevant in the context of a bench trial.'"[21] Accordingly, because there is no jury and thus no potential to prejudice or confuse the jury, the Court finds a motion *in limine* unnecessary in preventing prejudice or aiding the Court ahead of trial. The objections cited by Petitioners largely go to the weight of Dr. Smith's testimony, not its admissibility, and the Court intends to consider and weigh that testimony as fact finder.[22] Furthermore, this denial does not leave Petitioners without recourse because they may challenge Dr. Smith's testimony through appropriate objections and cross-examination.[23]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion in Limine is **DENIED**.[24]

New Orleans, Louisiana, this ___4th___ day of January, 2022.

_____
Hon. Greg Gerard Guidry
United States District Judge

---

[20] R. Doc. 330 at 3 (*citing League of Women Voters of Michigan v. Benson,* 2019 WL 8106155, at *1 (E.D. Mich. 2019).
[21] *Id*.
[22] *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) (quoting *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999)).
[23] *Id*.; *see also Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").
[24] R. Docs. 286, 292.