UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN RIVER TRANSPORTATION CO., LLC AS OWNER AND OPERATOR OF THE M/V COOPERATIVE SPIRIT, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.: 20-416; c/w 20-538 c/w 20-1327<br><br>SECTION T(1) |

## ORDER

Before the Court is a Motion in Limine to Strike the Proffered Expert Testimony of Captain John Sutton filed by Elite Towing, Inc. and Rodgers Marine Towing Services, Inc. ("Elite-Rodgers").[1] Hartford Fire Insurance Company joins and adopts all arguments set forth by Elite-Rodgers' Motion.[2] Claimant Rita Pucheu ("Pucheu") filed an opposition.[3] For the following reasons, the Motion in Limine is **DENIED**.[4]

## FACTS AND PROCEDURAL HISTORY

In the early morning hours of January 26, 2019, a collision occurred on the Lower Mississippi River above New Orleans between the M/V COOPERATIVE SPIRIT and the M/V RC CREPPEL resulting in the loss of three crewmen.[5] In the wake of this incident, a second collision occurred between a third vessel traveling upriver—the M/V GLORY FIRST—and tow of the M/V COOPERATIVE SPIRIT. Each of the three vessels thereafter filed petitions under the Limitation of Liability Act,[6] and claims arising out of both collisions were asserted by representatives and family members against the limitation fund.

---

[1] R. Doc. 287.
[2] R. Doc. 296.
[3] R. Doc. 318. The instant Motion may be moot with the settlement of Pucheu's claims, though the Court understands that apportionment of fault is necessary for finalizing the terms of the settlement agreement reached between the Petitioners regarding the percentage of fault and related compensation amounts.
[4] R. Doc. 330. Several of the named claimants have since settled their claims and are no longer parties to this case.
[5] American River Transportation Co., LLC ("ARTCO") is the owner and operator of the M/V COOPERATIVE SPIRIT. The three lost crewmen were aboard the RC CREPPEL.
[6] 46 U.S.C. §30501 *et seq*.

1

Elite-Rodgers now move to strike the expert report and testimony of retired Captain John Sutton, a marine liability expert retained by claimant Rita Pucheau.[7] Captain Sutton's report and testimony conclude that inaccurate data, insufficient navigational equipment, and lack of training contributed to the initial collision.[8] In summation, Elite-Rodgers contend that Captain Sutton's report is based on "inadmissible speculation" with no basis in fact and is therefore neither relevant nor reliable.[9] Elite-Rodgers further maintain that the report itself fails to explain how the alleged missteps causatively affected the RC CREPPEL's navigation.[10]

In opposition, Pucheu contends that "[a]ll of the opinions expressed by Captain Sutton in his expert Report relating to the AIS [transponder], Rose Point software, and lack of sufficient personnel training by [Elite-Rodgers] are relevant" to the facts surrounding the collision.[11] Pucheu further asserts that "questions concerning the reliability of the underlying data for an expert are best addressed through cross-examination at trial rather than by motions *in limine*."[12]

## **LAW AND ANALYSIS**

Federal Rule of Evidence 702 provides: "A witness who is qualified as an expert by knowledge, skill experience, training, or education, may testify in the form of opinion or otherwise, if: (a) the expert's scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."[13] When expert testimony

---

[7] Claimant has since settled her claims and is no longer a party to this action.
[8] R. Doc. 318 at 7, 12, 15.
[9] R. Doc. 287-1 at 10.
[10] *See e.g. id.* at 4 ("In other words, Captain Sutton's expert report…is devoid of anything to suggest that Pilot Naquin would have navigated the M/V RC CREPPEL better 'but for' the issues he cites relating to Rose Point and AIS.").
[11] R. Doc. 318 at 18.
[12] *Id*. at 6.
[13] Fed. R. Evid. 702*; see Daubert v. Merrell Dow Pharms.*, Inc., 509 U.S. 579, 588, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *United States v. Hitt*, 473 F.3d 146, 148 (5th Cir. 2006).

is challenged under Rule 702 and *Daubert*, the burden of proof rests with the party seeking to present the testimony.[14]

In *Daubert*, the Supreme Court established a two-part test for judges to perform in determining the admissibility of expert testimony.[15] First, the court must determine whether the expert's testimony reflects scientific knowledge, is derived by the scientific method, and is supported by appropriate validation.[16] Second, the court must determine whether the testimony will assist the trier of fact to understand the evidence.[17] "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject."[18] However, "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue."[19] "Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility."[20]

The question before the Court is whether the testimony of Captain Sutton is both relevant and reliable under the standards set forth by Federal Rule of Civil Procedure 702 and *Daubert*. The Court finds the argument made by Pucheu persuasive, as the testimony of Captain Sutton is admissible as specialized knowledge that may aide the Court in understanding the evidence relevant to the collision. Furthermore, the Court underscores that challenging the basis of a witness's expertise affects the weight to be assigned by the trier of fact rather than its admissibility.[21] Although the Court declines to bar Captain Sutton's testimony in totality on this

---

[14] *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).
[15] *Daubert*, 509 U.S. at 588; *Hitt*, 473 F.3d at 148.
[16] *Daubert*, 509 U.S. at 590.
[17] *Daubert*, 509 U.S. at 591.
[18] *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) (quoting *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999)).
[19] *Huss*, 571 F.3d at 452.
[20] *Huss*, 571 F.3d at 452.; *see also Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").
[21] *Supra* notes 19, 20.

occasion, Elite-Rodgers may challenge and question the reliability of Captain Sutton's testimony on cross-examination, and, considering the circumstance that this matter will be tried by bench trial, the parties may raise their objection again at trial as appropriate. For these reasons, the Motion is denied.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion *in Limine* is **DENIED**.[22]

New Orleans, Louisiana, this___4th___ day of January, 2022.

                                                Hon. Greg Gerard Guidry
                                                United States District Judge

---

[22] R. Docs. 287, 296.