UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN RIVER TRANSPORTATION CO., LLC AS OWNER AND OPERATOR OF THE M/V COOPERATIVE SPIRIT, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.: 20-416; c/w 20-538 c/w 20-1327<br><br>SECTION T(1) |

## ORDER

Before the Court is a Motion in Limine to Preclude Testimony of Jackson, St. Romaine, Jalili, and Bradford filed by Elite Towing, Inc. and Rodgers Marine Towing, Ltd. ("Elite-Rodgers").[1] Hartford Fire Insurance Company ("Hartford") has joined and adopted the aforementioned Motion by reference.[2] American River Transportation Company, LLC ("ARTCO") has filed a response in opposition.[3] For the following reasons, the Motion in Limine is **DENIED**.

## FACTS AND PROCEDURAL HISTORY

In the early morning hours of January 26, 2019, a collision occurred on the Lower Mississippi River above New Orleans between the M/V COOPERATIVE SPIRIT and the M/V RC CREPPEL resulting in the loss of three crewmen.[4] In the wake of this incident, a second collision occurred between a third vessel traveling upriver—the M/V GLORY FIRST—and tow of the M/V COOPERATIVE SPIRIT. Each of the three vessels thereafter filed petitions under the Limitation of Liability Act,[5] and claims arising out of both collisions were asserted by representatives and family members against the limitation fund.

---

[1] R. Doc. 293.
[2] R. Doc. 299.
[3] R. Doc. 364.
[4] American River Transportation Co., LLC ("ARTCO") is the owner and operator of the M/V COOPERATIVE SPIRIT. The three lost crewmen were aboard the RC CREPPEL.
[5] 46 U.S.C. §30501 *et seq*.

The instant Motion seeks an order that would preclude four of ARTCO's witnesses from testifying as experts.[6] Elite-Rodgers contend that none of the witnesses has complied with the requirements set forth in Fed. R. Civ. P. 26(a)(2)(B) and thus should be barred from offering expert opinion testimony at trial.[7] ARTCO counters in opposition that the four witnesses were not retained specifically for litigation, and they are therefore not subject to the "stringent requirements of Rule 26(a)(2)(B)…because [they] are non-retained experts."[8] As such, ARTCO reasons that Rule 26(a)(2)(C) controls, and the witnesses have satisfied their disclosure requirements.

## LAW AND ANALYSIS

Federal Rule of Evidence 702 provides: "A witness who is qualified as an expert by knowledge, skill experience, training, or education, may testify in the form of opinion or otherwise, if: (a) the expert's scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."[9] When expert testimony is challenged under Rule 702 and *Daubert*, the burden of proof rests with the party seeking to present the testimony.[10]

The question before the Court is whether the four identified witnesses may offer expert testimony at trial. More specially, the inquiry is whether counsel and the witnesses have complied with the applicable disclosure requirements defined in Federal Rule of Civil Procedure 26. The Court agrees that, as non-retained experts, the four witnesses are subject to a "separate, less

---

[6] R. Doc. 29-1 at 1-2.
[7] The witnesses at issue include Todd Jackson, Lyle St. Romaine, Kamia Jalili, and Christian Bradford.
[8] R. Doc. 364 at 2.
[9] Fed. R. Evid. 702*; see Daubert v. Merrell Dow Pharms.*, Inc., 509 U.S. 579, 588, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *United States v. Hitt*, 473 F.3d 146, 148 (5th Cir. 2006).
[10] *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

stringent disclosure regime than their retained counterparts."[11] Under Rule 26(a)(2)(C), a party must disclose (1) the subject matter of their testimony and (2) a summary of the facts and opinions.[12] Non-retained experts are not subjected to the same standard as specially retained expert witnesses, and the Court finds that the exhibits and deposition testimony cited by ARTCO are sufficient to satisfy the applicable disclosure requirements.[13] Moreover, counsel for Elite-Rodgers will be afforded the opportunity to challenge these witnesses through cross-examination and raise appropriate objections at trial.

## CONCLUSION

For the foregoing reasons, the Motion in Limine is **DENIED**.

New Orleans, Louisiana, this ___4th___ day of January, 2022.

                                                          Hon. Greg Gerard Guidry
                                                        United States District Judge

---

[11] *Sheppard v. Liberty Mutual Ins. Co.*, No. 16-2401, 2017 WL 467092, at *1 (E.D. La. Feb. 2, 2017) (Vance, J.).
[12] Fed. R. Civ. P. 26(a)(2)(C).
[13] *Bertuccelli v. Universal City Studios*, 19-1304 at 3 (E.D. La. June 10, 2021) (*citing Causey v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 2234749, at *1 (E.D. La. May 16, 2018).