UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN RIVER TRANSPORTATION CO., LLC AS OWNER AND OPERATOR OF THE M/V COOPERATIVE SPIRIT, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.: 20-416; c/w 20-538 c/w 20-1327<br><br>SECTION T(1) |

## ORDER

Before the Court is a Motion for Partial Summary Judgment[1] filed by the limitation claimants, Dawn Roussel (in her own right and on behalf of minor child K.N.), Layne Pitre (individually and on behalf of the Estate of Lester Naquin, Jr.), Tiffany Brigalia (individually and as the representative of the estate of Matthew Brigalia and on behalf of minor children L.B. and K.B.), Shane Pucheu, Travis Pucheu, Rita Pucheu (individually and as the representative of the estate of Shawn Pucheu).[2] Petitioner-in-Limitation American River Transportation Company, LLC ("ARTCO") has filed an opposition.[3] For the following reasons, the Motion for Partial Summary Judgment is **DENIED.**

## FACTUAL BACKGROUND

In the early morning hours of January 26, 2019, a collision occurred on the Lower Mississippi River above New Orleans between the M/V COOPERATIVE SPIRIT, owned by ARTCO, and the M/V RC CREPPEL resulting in the loss of three crewmen.[4] In the wake of this incident, a second collision occurred between a third vessel traveling upriver—the M/V GLORY FIRST—and tow of the M/V COOPERATIVE SPIRIT. Each of the three vessels thereafter filed

---

[1] R. Doc. 414.
[2] The Court notes that several of the named claimants have since settled their claims and are no longer parties to this case.
[3] R. Doc. 424.
[4] American River Transportation Co., LLC ("ARTCO") is the owner and operator of the M/V COOPERATIVE SPIRIT. The three lost crewmen were aboard the RC CREPPEL.

petitions under the Limitation of Liability Act,[5] and claims arising out of both collisions were asserted by representatives and family members against the limitation fund.

The limitation claimants now move for an entry of partial summary judgment as to ARTCO's claim under the Limitation of Liability Act, arguing that ARTCO is not entitled to exonerate or limit its liability due to a set of allegedly "overwhelmingly negligent acts"[6] that are "imputable" to ARTCO.[7] Namely, the limitation claimants contend that ARTCO's pilot, Todd Jackson, was undertrained, inexperienced, accident prone, and distracted.[8] That, along with his alleged improper utilization of navigational equipment[9] and the violation of certain Inland Navigation Rules,[10] are "undisputed facts"[11] that point to negligence on the part of Jackson. The limitation claimants argue that ARTCO was aware of Jackson's shortcomings and placed him in operation of the M/V COOPERATIVE SPIRIT in hazardous hydrological conditions[12] anyway, putting them on notice of any potential danger and placing them outside the protection of the Limitation of Liability Act.

In response, ARTCO contends that the limitation claimants have failed to point to an undisputed material fact that entitles them to a judgment. "Claimants must prove that there are no genuine issues of material facts"[13] relating to the Limitation of Liability Act requirements, but "this case is replete with genuine issues of material fact,"[14] the "chief issue being that ARTCO was not at fault, nor did it cause the accident."[15] Additionally, ARTCO contests Jackson's alleged

---

[5] 46 U.S.C. §30501 *et seq.*
[6] R. Doc. 414 at 1.
[7] R. Doc. 414.1 at 1.
[8] *Id.* at 1-4.
[9] *Id.* at 3.
[10] *Id.* at 3-4.
[11] *Id.* at 4.
[12] *Id.* at 1-2.
[13] R. Doc. at 424 at 2.
[14] *Id.* at 1.
[15] *Id.* at 2.

deficiencies, the applicability of certain navigational standards and rules, and the application of the legal framework created in *The Pennsylvania*, 86 U.S. 125 (1873).[16]

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[18] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[19] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[20]

The limitation claimants argue that, as a threshold matter, they are entitled to summary judgment on ARTCO's limitation claim because Todd Jackson "committed overwhelmingly negligent acts" and ARTCO knew about it,[21] but those allegations do not meet the summary judgment standard. The limitation claimants fail to sufficiently show that there are undisputed facts that support Jackson's negligence and ARTCO's knowledge as required by the Limitation of Liability Act.[22] When viewing the evidence in a light most favorable to ARTCO, there are several contested material facts that preclude summary judgment, including (1) whether ARTCO caused the accident, (2) whether Jackson violated the Inland Navigation Rules, (3) whether Jackson was

---

[16] *Id.* at 5-21.
[17] Fed. R. Civ. P. 56(a).
[18] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[19] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[20] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[21] R. Doc. 414 at 1.
[22] *In re Omega Protein, Inc.*, 548 F.3d 361, 371 (5th Cir. 2008).

distracted by his cellphone at the time of the accident, (4) whether ARTCO was aware of Jackson's alleged shortcomings, and (5) whether Jackson was a capable pilot.[23] The limitation claimants have failed to put forth undisputed facts that answer these evidentiary questions. As the limitation claimants are not entitled to summary judgment, the Court will not discuss the other issues raised in the Motion for Summary Judgment and the response.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for Partial Summary Judgment is **DENIED**.

New Orleans, Louisiana, this \_\_\_6th\_\_\_ day of January, 2022.

_____
Hon. Greg Gerard Guidry
United States District Judge

---

[23] R. Doc. 424 at 21.